IN  THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RICHARD A. THURSTON,                      *

   v.                                            *  CIVIL ACTION NO. JFM-13-1766

WARDEN FRANK B. BISHOP, JR.,  et al.,     *

                                       ******

## <u>MEMORANDUM</u>

On June 11, 2013, petitioner Richard A. Thurston filed the instant 28 U.S.C. § 2254 habeas corpus application attacking his conviction for first degree burglary and theft entered in 1996 in the Circuit Court for Howard County.[1] ECF No. 1.   Respondents filed an Answer which solely addresses the timeliness of petitioner's application. ECF No. 5.  Petitioner was advised of his opportunity to file a reply. ECF No.  6.  This he has done. ECF Nos. 7, 9, 10, 12-14.

Petitioner was convicted by the Circuit Court for Howard County, Maryland of first degree burglary and theft on November 26, 1996.  ECF No. 5, Exs. 1 & 2.  He was sentenced on the same date to two concurrent 15 year terms of imprisonment.  *Id*.

Petitioner noted a timely appeal.  His conviction and sentence were affirmed by the Court of Special Appeals of Maryland. His request for further review by the Court of Appeals of Maryland was denied on February 11, 1998. *Id*.  He did not seek further review.   Accordingly, his convictions became final on May 12, 1998, when the time for seeking further review expired. *See* Sup Ct. Rule 13.1 (petition for writ of certiorari to be filed no later than 90 days of judgment from which review is sought).

---

[1] The petition, received on June 17, 2013,  is dated May11, 2013, and is deemed filed on that date.

On June 29, 1998, petitioner submitted a collateral attack on his conviction pursuant to the Maryland Uniform Post-Conviction Procedure Act, Md. Code Ann., Crim. Pro. § 7-102, *et seq*. *Id*., Exs. 1 & 2.  On September 21, 1999, petitioner was granted the right to file a belated direct appeal regarding the sufficiency of the evidence.  All other issues were denied.  Petitioner did not file an application for leave to appeal the decision of the post-conviction court.  As such, the decision became final on October 21, 1999, when the time for doing so expired.  *See* Md. Rule 8-204(b) (providing application for leave to appeal be filed within 30 days after entry of judgment or order from appeal is sought).

Petitioner's belated appeal, granted by the post-conviction court, was denied on April 12, 2000. *Id*., Ex. 1 & 2.  Petitioner's request for further review was denied on July 24, 2000.  He did not seek further appellate review and his judgment became final on October 23, 2000. *See* Sup Ct. Rule 13.1; *See also Frasch v. Peguese*, 414 F.3d 518 (4th Cir. 2005).

Petitioner moved to reopen post-conviction proceedings on August 17, 2000. His request was denied on October 11, 2000. *Id*., Ex. 1 His application for leave to appeal was denied by the Court of Special Appeals on January 7, 2002.  The court's mandate issued on February 6, 2002. *Id*., Ex. 3.

Petitioner again moved to reopen post-conviction proceedings on October 29, 2002. His request was denied on December 6, 2002. *Id*., Ex. 1. His application for leave to appeal was denied by the Court of Special Appeals on July 10, 2003.  The court's mandate issued on August 11, 2003. *Id*., Ex. 4. Petitioner filed a third motion to reopen post-conviction proceedings on February 24, 2004, which was denied as was the application for leave to appeal. The court's mandate issued on February 14, 2005.  *Id*., Ex 1 & 5.

On January 10, 2007, petitioner filed a motion for a writ of error coram nobis which was denied by the Circuit Court on February 20, 2007. *Id*., Ex. 1. His appeal to the Court of Special Appeals was denied and the Court of Appeals declined further review on November 12, 2008. Id. Exs. 1 & 6.

Petitioner filed another motion to reopen post-conviction proceedings on July 31, 2008. He motion was denied as was his application for leave to appeal the denial.  The court's mandate issued on June 3, 2010. *Id*. Exs. 1 & 7.

On December 6, 2010, petitioner filed another motion for writ of coram nobis which was denied by the Circuit Court.  The Court of Special Appeals affirmed the Circuit Court's ruling and the Court of Appeals denied further review on May 20, 2013. *Id*., Exs. 1 & 8.

Title 28 U.S. C. § 2244(d)[2] provides a one-year statute of limitations in non-capital cases

---

[2]This section provides:

> (1)      A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A)      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B)      the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)      the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

for those convicted in a state case.  This one-year period is, however, tolled while properly filed post-conviction proceedings are pending and may otherwise be equitably tolled.  *See* 28 U.S.C. §2244(d)(2). *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000); *Gray v. Waters*, 26 F. Supp. 771, 771-72 (D. Md. 1998).

The statute of limitations began to run in petitioner's case on October 23, 2000. Assuming, without deciding, that petitioner's numerous motions to reopen post-conviction proceedings and motions for coram nobis, were properly filed post-conviction proceedings which would have served to statutorily tolled the limitations period, the record demonstrates that over one year elapsed where nothing was pending which would have tolled the limitations period. Specifically, from February 6, 2002 (the date the motion to reopen post-conviction proceedings filed simultaneously with his belated appeal became final) and October 29, 2002 (the date he again moved to reopen post-conviction proceedings), a period in excess of eight months elapsed without anything pending to toll the federal limitations period.  Thereafter, nothing was pending between August 11, 2003 (the date on which his second motion to reopen post-conviction proceedings became final) and February 24, 2004 (the date he filed his third motion to reopen) a period in excess of six months.  At that time, petitioner's federal limitations period had already run.  Subsequently, petitioner had no proceedings pending from February 14, 2005 to July 31, 2008, and again from June 3, 2010 to June 11, 2013, which could have served to toll the limitations period.[3]

Petitioner indicates that his filings here are not to be construed as a habeas petition but

---

[3] Petitioner filed a motion for modification of sentence on February 10, 1997 which was denied on April 4, 2005. *Id.*, Ex. 1.  The  motion for modification did not serve to toll the limitations period.  *See Tasker v. State*, Civil Action No. AW -11-1869 (D. Md.)  Even if  petitioner's  motion for modification of sentence was deemed a properly filed post-conviction proceeding which would toll the limitations period, the tolling ceased upon denial of the motion. Petitioner waited over 3 years thereafter  before filing to reopen his post-conviction petition.

rather as a petition for writ of error coram nobis.  ECF No. 1, 7-10, 12-14.  This claim is unavailing.  A writ of error coram nobis is an "extraordinary remedy available only under circumstances compelling such action to achieve justice" or to correct errors "of the most fundamental character." *United States v. Morgan*, 346 U.S. 502, 511 (1954).  Federal courts may grant relief from a conviction by way of coram nobis **after** a petitioner has completed the sentence at issue. *See* 28 U.S.C. §1651; *Morgan*, 346 U.S. at 512-13 (emphasis supplied). Coram nobis is available only to remedy "factual errors material to the validity and regularity of the legal proceeding itself." *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (internal quotation marks omitted).   This extraordinary writ is used when "no other remedy may be available," where "error of the most fundamental character" has occurred.  *United States v. Mandel*, 862 F.2d, 1067, 1075 (4th Cir. 1988).  Coram nobis relief may be granted "in light of a retroactive dispositive change in the law" which undermines the basis for a prior conviction.  *Id.*

To be entitled to coram nobis relief, a petitioner must demonstrate that: "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character."  *United States v. Bazuaye*, 399 Fed. Appx. 822, 2010 W.L. 4366456, *1 (4th Cir. 2010) (unpublished), citing *Hirabayashi v. United States,* 828 F.2d 591, 604 (9th Cir. 1987).

Petitioner cannot meet this difficult burden. Principally, he remains incarcerated under the conviction and sentence he is attacking as the sentence was imposed consecutive to a judgment rendered in a separate Maryland conviction. ECF No. 5; *see also Thurston v. Waters*, Civil Action No. JFM-99-1227 (D. Md.)  Even if he were not in custody under the conviction he challenges, no reason exists for failing to attack the conviction earlier.  Petitioner indicates that

he first became aware of the alleged *Brady*[4] violation in February of 2002.  It is this claim he seeks to have adjudicated.  *Id.*  Assuming he discovered the *Brady* violation in February of 2002 through the exercise of due diligence, he had no state collateral proceedings pending from February 14, 2005 to July 31, 2008 (over three years) and again from June 3, 2010 to June 11, 2013 (over three years). He has failed to explain why he waited ten years to bring his *Brady* claim before this court.

Treating, the petition as a habeas claim filed pursuant to §2254, the court finds petitioner is not entitled to equitable tolling.  In *Holland v. Florida,* 560 U.S. 631 (2010), the Supreme Court concluded that equitable tolling applies to the AEDPA's statute of limitations. *Id.* at 633. Specifically, the Court found that in order to be entitled to equitable tolling, the movant must show (1) that he has diligently pursued his rights and (2) that some extraordinary circumstance prevented the timely filing.  *Id.* at 649.  The question of whether equitable tolling applies hinges on the facts and circumstances of each  particular case.  *See Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000).[5]

Petitioner offers no arguments in favor of equitable tolling. ECF Nos. 7-10, 12-14. Petitioner's self- represented status and any attendant lack of knowledge of the law is not the type of extraordinary circumstance which would justify equitable tolling.  *See Barrow v. New Orleans S.S. Ass'n*, 932 F. 2d 473, 478 (5th Cir. 1991) (refusing to apply equitable tolling where the delay in filing was the result of petitioner's unfamiliarity with the legal process or his lack of legal representation). In short, the court does not find any indication that petitioner  is entitled to

---

[4] *Brady v. Maryland,* 373 U.S. 83 (1963).

[5] *See also Lusk v. Ballard*, 2010 WL 3061482 (N.D.W. Va. 2010) (holding Fourth Circuit's test for equitable tolling, as set forth in *Harris*, remains virtually unchanged after *Holland.*)

equitable tolling.  *See Rouse v. Lee*, 339 F.3d 238, 248-249 (4th Cir. 2003) (negligent mistake by party's counsel in interpreting AEDPA statute of limitations does not present extraordinary circumstances warranting equitable tolling);  *Smith v. McGinnis*, 208 F.3d 13, 18 (2d Cir. 2000) (*pro se* status does not establish sufficient ground for equitable tolling); *Felder v. Johnson*, 204 F.3d 168, 171-173 (5th Cir. 2000) (lack of notice of AEDPA amendments and ignorance of the law are not rare and exceptional circumstances that warrant equitable tolling); *Francis v. Miller*, 198 F.Supp.2d 232, 235 (E.D. N.Y. 2002) (ignorance of the law and legal procedure is not so exceptional as to merit equitable tolling). Therefore, the petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

Under the amendments to Rule 11(a) of the Rules Governing Proceedings under Section 2254 "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant…If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."    In  *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [certificate of appealability] should issue when the prisoner shows, at least, that ... jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484.  Petitioner does not satisfy this standard, and the court declines to issue a certificate of appealability as required under the Rules Governing Section 2254 Petitions in the United States District Courts.

A separate order follows.

_____November 4, 2014_____             ___/s/_____
Date                                                                J. Frederick Motz
                                                                      United States District Judge